

FILED
AUG 30 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION NO.<br>) |
| v. | ) 07-3617<br>) |
| CENTRAL ELECTRIC SUPPLY LIMITED, | ) **COMPLAINT**<br>) **JURY TRIAL DEMAND**<br>) |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and/or retaliation, and to provide appropriate relief to George Gillard who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that George Gillard, black, was subjected to a hostile work environment based on his race when he was subjected to a barrage of racial epithets by a non-black a co-worker who later became Mr. Gillard's supervisor and continued to subject Mr. Gillard to racially offensive language. The Commission also alleges that Defendant retaliated against Mr. Gillard when it demoted Mr. Gillard, reduced his salary and subsequently terminated his employment, after Mr. Gillard complained of racial harassment. Mr. Gillard suffered back pay losses and sustained emotional distress as a result of the harassment and retaliatory discharge.



## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 704(a), and Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e-3(a), and §2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3)of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Central Electric Supply Limited (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania, and the City of Philadelphia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, George Gillard filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least March 18, 2005, Defendant Employer has engaged in unlawful employment practices at its Philadelphia, Pennsylvania facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-(a), by subjecting George Gillard to a hostile work environment based on his race, black. These unlawful practices include, but are not limited to, the following:

(a)  On or about March 8, 2005, Mr. Gillard began his employment with Defendant as Store Manager of its Philadelphia, Pennsylvania facility. During his tenure as Store Manager, Mr. Gillard performed his job in a satisfactory manner and was considered a dedicated and hard worker.

(b)  On or about March 15, 2005, Defendant hired Angel Montalvo, non-black, as a counter person who reported directly to Mr. Gillard.

(c)  From on or about March 15, 2005, and throughout Mr. Gillard's employment with Defendant, Angel Montalvo regularly referred to Mr. Gillard and other blacks as "nigger" or "nigga."

(d)  On or about August 4, 2005, Defendant demoted Mr. Gillard from Store Manager to counter person and in turn promoted Montalvo to Store Manager. As Defendant Employer's Store Manager, Montalvo was Mr. Gillard's direct supervisor. In the Store Manager position, Montalvo continued to regularly refer to Gillard and other blacks as "nigger" or "nigga."

8.  Since at least March 18, 2005, Defendant Employer has engaged in unlawful employment practices at its Philadelphia, Pennsylvania facility, in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3(a), by discriminating against George Gillard based on retaliation. The unlawful employment practices included the following:

(a) Beginning on or about June 2005 and throughout Mr. Gillard's employment with Defendant, Mr. Gillard engaged in protected activity by complaining to Defendant's Branch Manager and other officers, that Montalvo regularly referred to him as a "nigger" or "nigga."

(b) Shortly after Mr. Gillard's complaints of racial harassment, Defendant demoted Mr. Gillard from the Store Manager position, reduced his salary and terminated his employment.

(c) Defendant's adverse employment actions were causally connected to Mr. Gillard's complaints of racial harassment.

9. The effect of the practice(s) complained of in paragraphs 7-8 above have been to deprive George Gillard of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race and/or retaliation.

10. The unlawful employment practices complained of in paragraphs 7-8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7-8 above were done with malice or with reckless indifference to the federally protected rights of George Gillard.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment and retaliation and any other employment practice which discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole George Gillard, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole George Gillard, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-8 above, including job search expenses and loss benefits, in amounts to be determined at trial.

E. Order Defendant Employer to make whole George Gillard by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-8 above, including emotional pain and suffering, depression, anxiety, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay George Gillard punitive damages for its malicious and reckless conduct described in paragraphs 7-8 above, in amounts to be determined at trial.

G. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PHILADELPHIA DISTRICT OFFICE

*/s/ Jacqueline H. McNair*
JACQUELINE H. MCNAIR
Regional Attorney

*/s/ Terrence R. Cook*
TERRENCE R. COOK
Supervisory Trial Attorney

*/s/ Dawn M. Edge*
DAWN M. EDGE
Trial Attorney

U.S. EEOC, Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2687(direct)
(215) 440-2848(fax)
Dawn.Edge@eeoc.gov